# Flanagan *versus* The Mechanics' Bank of Philadelphia.

1. The defendant gave two negotiable notes to an insurance company for premiums; the notes passed into the hands of a bank who endorsed them to the plaintiff, another bank, in payment of a balance. Afterwards but before the notes were due, the policies were cancelled. In a suit by the endorsee these facts were not competent evidence.

2. If otherwise evidence, they would have been no defence without notice of failure of consideration, the notes being negotiable and not due when credited to the account of the endorsing bank.

3. The defendant offered evidence of a foreign attachment against the insurance company in which the notes were attached in his hands and a judgment recovered against him as garnishee which he had paid. *Held*, that the evidence was inadmissible as *res inter alios acta*.

4. The garnishee might have protected himself against a double liability by notifying the holder of the notes of the attachment and calling upon him to interplead, or if he could not ascertain the holder he might have shown the nature of the paper and its actual transfer, which would have been an answer to the attaching creditor. Per THOMPSON, J.

February 27th 1867.

Error to the District Court of *Philadelphia*.

This was an action of assumpsit, brought May 19th 1864, by The Mechanics' Bank of Philadelphia against Stephen Flanagan.

The plaintiff declared as endorser of two notes drawn by Flanagan to the order of the Insurance Company of the State of Virginia, each at twelve months, for $601, one dated December 18th 1860 and the other dated January 2d 1861. They were endorsed by the secretary of the Insurance Company of the State of Virginia, and also " Pay J. Wiegand, Jr., Esq., Cash., or order. J..B. Morton, Cash." Morton was cashier of the Bank of the Commonwealth, of Richmond, Va.

The case was tried before Sharswood, P. J.

The notes in suit were received for collection by the Mechanics' Bank on the 19th of January and the 25th of February respectively, from the Bank of the Commonwealth.

On the 19th of April 1861 the cashier of the Mechanics' Bank wrote to the Bank of the Commonwealth inquiring, " At what rate will you allow us to transfer our balance to your account at the present time? As this would leave you in our debt, it would, in a very little while, be liquidated by your shortly maturing paper." The cashier of the Bank of the Commonwealth replied, April 23d, that he would transfer the balance at 5 per cent. This proposition was accepted by the Mechanics' Bank April 29th 1861, and the transfer was made, which left the net amount due the Mechanics' Bank $4411.98.

The cashier of the Mechanics' Bank testified that this transaction " changed the status of the notes. We had their (the Vir-

[Flanagan v. Mechanics' Bank.]

ginia bank's) paper for collection $12,000 or $13,000 at that time. The amount transferred was a payment on account of what they owed us. * * * We regarded all their notes in our hands as collaterals, for the balance due us, on making the agreement. These notes were among the number. They were to be passed to the credit of the Virginia bank so as to liquidate the balance."

The defendant then called William D. Sherrerd, and offered to prove his agency for the Insurance Company of Virginia, that the real consideration of the two notes in question was the premium of two policies of insurance issued by the said insurance company on the respective days of the dates of the notes to the maker, which policies the agent and witness by authority cancelled and annulled on the 4th day of June 1861.

He also offered in evidence the record of the District Court of December Term 1861, Stilwell S. Bishop et al. v. The Insurance Company of the State of Virginia, a foreign attachment which had been proceeded with to judgment; and also the record of a writ of scire facias issued out of the said District Court, of September Term 1863, wherein the said Stilwell S. Bishop et al. were plaintiffs, and the said defendant, Stephen Flanagan, defendant, as garnishee of the said Insurance Company of the State of Virginia, wherein the notes in the declaration mentioned were attached, and wherein on the 8th of February 1864, there was a judgment against the garnishee, which judgment was subsequently paid and satisfied.

These offers were severally rejected by the court and exceptions taken.

There was a verdict for the plaintiff for $1511.34.

The assignments of error noticed in the opinion of the Supreme Court, were the rejection of the above evidence.

*A. I. Fish* and *I. Hazlehurst*, for plaintiff in error, cited Petrie v. Clark, 11 S. & R. 377; Walker v. Geisse, 4 Whart. 258; Depeau v. Waddington, 6 Whart. 220; Bay v. Coddington, 5 Johns. Ch. R. 54; Keinbro v. Lytle, 10 Yerger 428; Nichol v. Bate, Id. 429; Wormley v. Lowry, 1 Humph. (Tenn.) R. 463; Kirkpatrick v. Muirhead, 9 Harris 237; Drake on Attachment, § 481, 2d ed.

*E. Rey* and *W. J. McElroy*, for defendant in error, cited Wilson v. Bank, 9 Wright 488; Struthers v. Kendall, 5 Id. 228; Story's Prom. Notes, §§ 186, 191–195; Railroad v. Pennock, 1 P. F. Smith 244; United States v. Vaughan, 3 Binn. 394; Coates v. Roberts, 4 Rawle 100; Irwin v. Railroad, 7 Wright 488; Sergeant on For. Attach. 92–3; Drake on Attach. 584–6; Kieffer v. Ehler, 6 Harris 391; Hill v. Kroft, 5 Casey 186.

[Flanagan *v.* Mechanics' Bank.]

The opinion of the court was delivered, October 31st 1867, by THOMPSON, J.—The bill of exceptions contains no exception to the charge, consequently we are confined in this review to those exceptions relating to the two items of rejected testimony. The first of these was an offer in substance to show failure of consideration for the notes in question long after their date and negotiation, and before maturity. To be more specific, the notes were dated respectively in December 1860 and January 1861, and drawn payable to the Insurance Company of Virginia. They passed into the hands of the Bank of the Commonwealth, at Richmond, and by it were transferred to the Mechanics' Bank, the plaintiff, on the 29th or 30th of April 1861, in payment of a balance due by the former to the latter bank. The proposition was to prove that in June following, the policies for which the notes were given were cancelled by the company, with the drawer's assent. The plaintiff's title had accrued before this, and even if it had not, this would have been no defence without notice of the failure of consideration, the notes being negotiable and not due when received and credited on account to the Commonwealth Bank. All this is too plain to require elucidation. The court below properly rejected the testimony.

2. The other exception is to the rejection of the record in foreign attachment and the judgment in the scire facias against the defendant. The plaintiff below had no notice of that suit, was no party to it, and was not bound by the judgment. If it be supposed that because the process of foreign attachment is sometimes said to be in the nature of a proceeding *in rem*, the judgment against the garnishee, like proceedings in bankruptcy, decrees of distribution, and in admiralty and other like cases, is conclusive on everybody, it is a great mistake. It is said to be in the *nature* of a proceeding *in rem* because it is a process against *the thing* belonging to the debtor in the first place, and the judgment against the garnishee has relation only to its value : 9 Wright 488. But the controversy with and as to the liability of the garnishee, is *in personam*, and concludes only the parties legally actors in it: 12 S. & R. 287 ; 9 Wright, *supra*. The learned judge very properly held the attachment and proceedings on the scire facias as *res inter alios acta*, and not evidence.

The complaint of error in this particular is not sustained. We think it was competent for the garnishee to have protected himself against a double liability, by notifying the holder of the notes, of the attachment, and calling upon him to interplead. Or if he could not ascertain the holder, he might have shown the nature of the paper and its actual transfer. This would have been an answer, one would suppose, to the attaching creditor.

We cannot well say, as a rule, that a debt due by a negotiable instrument, is not liable to be attached for a debt due by the

OF PENNSYLVANIA.

[Flanagan v. Mechanics' Bank.]

payee. There is no reason for saying it could not be simply because of its form. It is only when actually negotiated that there is a reason against it, and it seems to me in such case the garnishee might and ought to protect himself in one or other of the modes suggested above. But we need not definitely determine this point in order to decide this case.

The other questions argued in the paper-books, and not above noticed, are not before us, and any opinion upon them would be *extra-judicial*, and should not be given.

The charge of the court is not before us according to any mode of proceeding for bringing it up: 1 Fish's Tr. & H. 570. Had the counsel for the defendant in error examined the bill of exceptions carefully, they would have saved themselves and us some trouble.

Judgment affirmed.

STRONG, J., was absent, and took no part in the decision.